**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1723**

DANA W. CUMBIE,

                    Plaintiff – Appellant,

          v.

GENERAL SHALE BRICK, INCORPORATED,

                    Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:06-cv-00940-JCC)

Submitted:  November 13, 2008      Decided:  December 8, 2008

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Richard A. Oliver, OLIVER & OLIVER, P.C., Reston, Virginia, for Appellant.  Frederick L. Warren, FORD & HARRISON LLP, Atlanta, Georgia; Randy C. Sparks, Jr., FORD & HARRISON LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana W. Cumbie filed a complaint in federal district court alleging his former employer, General Shale Brick, Inc. ("GSB"), retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII"). GSB filed a Fed. R. Civ. P. 56 motion for summary judgment. After conducting a hearing, the district court granted GSB's Rule 56 motion by memorandum opinion and order. Cumbie filed a timely notice of appeal. For the reasons below, we vacate the district court's order and remand the case for further proceedings.

This court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir. 1995). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Dawkins v. Witt, 318 F.3d 606, 610 (4th Cir. 2003). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Here, the district court found that Cumbie failed to present a prima facie case of retaliation. In order to

2

establish a prima facie case of retaliation, the plaintiff must prove three elements: first, that the plaintiff engaged in protected activity; second, that an adverse employment action was taken against the plaintiff; and third, that there was a causal link between the protected activity and the adverse employment action. Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004). The district court found that Cumbie's filing of an intake complaint questionnaire with the Prince William County Human Rights Commission ("PWCHRC") would have constituted protected activity had Cumbie possessed a reasonable basis upon which to believe GSB's actions were unlawful. Determining that Cumbie's allegations of unlawful behavior[*] were unreasonable

---

[*] Briefly summarized, Cumbie's claim originated with the discovery of several drawings in his workplace that he found offensive. He brought the drawings to the attention of his supervisor, whose investigation did not reveal the source of the drawings. Three days after informing his supervisor that he had contacted PWCHRC (and filing the intake questionnaire), Cumbie was suspended for failing to report a worker's compensation claim in a timely manner. Cumbie was suspended for a second worker's compensation infraction approximately a month later and claimed he suffered other adverse employment actions, all of which he alleged were imposed in retaliation for contacting PWCHRC concerning the drawings. In its memorandum opinion, the district court acknowledged the drawings were "boorish and juvenile" but, citing Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997), were insufficient to lead to the reasonable belief that they constituted a hostile work environment, as Cumbie alleged in his intake questionnaire. (J.A. 26). Given the necessity of remanding this case to the district court for further proceedings, we express no opinion on the court's finding concerning this issue.

under Title VII, however, the district court found that Cumbie failed to demonstrate he engaged in protected activity and therefore failed to establish a prima facie case.

We distinguish protected activity as two distinct categories: opposition and participation. See Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998). Opposition activity includes "utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Id. at 259 (citing Armstrong v. Index Journal Co., 647 F.2d 441, 448 (4th Cir. 1981)). In determining whether an employee engages in legitimate opposition activity, we "balance the purpose of the Act to protect persons engaging reasonably in activities opposing . . . discrimination against Congress' equally manifest desire not to tie the hands of employers in the objective selection and control of personnel." Id. (internal citation and quotation omitted).

To proceed under the participation category, an individual must make a charge, testify, assist, or participate in any manner in an investigation, proceeding, or hearing under Title VII. Id. Importantly, when an individual engages in activities constituting participation, such activity is protected conduct regardless of whether that activity is

4

reasonable.  See Glover v. S.C. Law Enforcement Div., 170 F.3d 411, 413-15 (4th Cir. 1999).

In its memorandum opinion, the district court did not expressly find whether Cumbie engaged in opposition or participation protected activity.  Because our established case law imposes the aforementioned reasonableness standard on opposition protected activity, but not on participation protected activity, the district court's materials before us are insufficient to evaluate the propriety of the court's finding that Cumbie failed to satisfy the protected activity element of a prima facie case.  Accordingly, we vacate the district court's summary judgment order and remand the case to the district court for further proceedings in light of this opinion and the Supreme Court's recent opinion in Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147 (2008).  The district court did not have the benefit of the Holowecki opinion when it granted summary judgment for GSB.  See id. at 1157-58 (holding, in the context of an Age Discrimination in Employment Act claim, that an intake questionnaire filing constitutes a charge under Equal Employment Opportunity Commission rulemaking, if the filing document reasonably can be construed to request agency action and appropriate relief on the employee's behalf).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>